**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martine Chavez AGUILERA,**
**aka Christopher Pedroza**
**Defendant–Appellant.**

No. 00–10345.

D.C. No. CR 99–40003–01–DLJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Dec. 28, 2001.

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM[1]

Martine Chavez Aguilera appeals his conviction of one count of conspiracy to possess with intent to distribute cocaine, under 21 U.S.C. §§ 846, 841(a)(1), and one count of aiding and abetting possession with intent to distribute cocaine, under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He argues on appeal that the district court erred in denying his motion to suppress and that his sentence was unconstitutional. As the parties are familiar with the factual and procedural history of this case, we need not recite it in full here. We have jurisdiction pursuant to 28 U.S.C. § 1291

and 18 U.S.C. § 3472. We affirm the district court's order denying Aguilera's motion to suppress, reject Aguilera's claim that his sentence was unconstitutional because his prior conviction was not submitted to the jury, and defer resolution of Aguilera's claim that his sentence was unconstitutional under 21 U.S.C. § 841(b) pending the *en banc* decision in *United States v. Buckland,* No. 99–30285.

The district court concluded that the warrantless search of Aguilera's apartment was a valid probation search, and, in the alternative, was justified by exigent circumstances. We affirm on the grounds of exigency. Whether exigent circumstances existed is a mixed question of law and fact reviewed de novo. *See United States v. Johnson,* 207 F.3d 538, 544 (9th Cir.2000). Findings of fact underlying the district court's determination of exigent circumstances are reviewed for clear error. *See id.*

Law enforcement officials went to appellant Aguilera's apartment under the belief that the apartment was empty and they were authorized to conduct a search as a condition of Daniel Olivera's probation. The officers knocked and were about to insert a key in the door when Aguilera opened the door with the safety chain latched. The law enforcement officers identified themselves and said they were there to conduct a probation search. Aguilera then tried to close the door, and at the same time one of the officers saw someone inside the apartment running. The district court's finding that the shutting of the door and the flight of the occupant occurred simultaneously was not clearly erroneous.

When the police knock on a door without demanding entrance, and an occupant opens the door, no search or seizure for

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Fourth Amendment purposes occurs. *Compare United States v. Winsor,* 846 F.2d 1569, 1573 (9th Cir.1988) (police looking inside the room, after a knock and a "demand" that the occupant open the door, constituted a search of the room), *with Davis v. United States,* 327 F.2d 301, 303 (9th Cir.1964) (police knocking on door, asking to see someone, being allowed in and seeing drugs in plain view was not an unconstitutional search or seizure). *Winsor* explicitly distinguishes the situation in which officers *demand* entrance, which constitutes a search, from the one where they merely knock and the door is answered voluntarily. *See Winsor,* 846 F.2d at 1573; *cf. United States v. Hersh,* 464 F.2d 228, 230 (9th Cir.1972) (officers standing on a porch and viewing the interior of a home through the window is not an unconstitutional search or seizure).

"Exigent circumstances are those in which a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search [ ] until a warrant could be obtained." *United States v. Reid,* 226 F.3d 1020, 1027 (9th Cir.2000) (quoting *United States v. Gooch,* 6 F.3d 673, 679 (9th Cir.1993)) (alteration in original) (internal quotation marks omitted). Once the officers saw someone inside the apartment, running in response to the announcement that they were law enforcement officials intending to conduct a probation search, and they reasonably believed he was running to secure a weapon or destroy evidence, exigent circumstances existed, justifying warrantless entry of the apartment.

Aguilera argues that his sentence is invalid because the fact of his prior conviction was not submitted to the jury and proved beyond a reasonable doubt. This argument is without merit. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct.

2348, 147 L.Ed.2d 435 (2000) (explicitly stating that the fact of a prior conviction need not be submitted to the jury and proved beyond a reasonable doubt); *Almendarez-Torres,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (the fact of a prior conviction need not be submitted to the jury).

Aguilera argues that because the judge determined the quantity of drugs for which he was sentenced pursuant to 21 U.S.C. § 841(b), his sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the facial constitutionality of 21 U.S.C. § 841(b) is at issue in *United States v. Buckland,* No. 99–30285, we defer resolution of this issue pending the *en banc* decision in that case.

AFFIRMED in part, DEFERRED in part.